McFarlaND, Sp. J.,
delivered the opinion of the Court.
This was an action of trover, brought by John W. Ford, against Jesse Childress, for the conversion of a sorrel mare, upon the following facts: Ford was the owner of the mare, and kept her in a stable which he had built for that purpose, upon the premises of John J. Cox, his step-father. Childress applied to Cox to borrow a horse to ride to Blountville, a few miles distant. Cox replied that he had no horse to loan him, but that Ford had one there, and he had no idea he, Ford, would care, and that he could have her to ride. Ford was, at the time, absent. Childress and Cox, and Finley Cox, started to Blountville together, Chil-dress riding Ford’s mare. On the road the animal stepped upon a snag, which flew up, inflicting a wound which at first, was not thought to be serious, but of which she died, some eight days after. It does not seem that any negligence is attributable to Childress, but that in common parlance, it was purely an .accident. It further appears that Childress hesitated about riding the animal, for the reason that she was wild, but Cox insisted that there was no danger, and urged him to take her. Cox further says, in his testimony, that Childress would not have taken the mare without his *465 permission, but that be had no authority from Ford to loan her.
Upon these facts, was Childress liable for a conversion of the animal?
In the case of Cummings v. Bell, 3 Sneed, 275, it was held by this Court, upon a full consideration and a careful review of the authorities, that where the defendant had hired a slave from the plaintiff, without any express stipulation as to the kind of service the slave was to render, and the defendant, without the consent of the plaintiff, sub-hired the slave to a third party, the plaintiff would have the right to treat the act as a conversion, and maintain trover for the value of the property.
The case of Wm. Scruggs v. Ammon L. Davis, 5 Sneed, 261, was an action of trover, for the conversion of a slave, upon the following facts: The slave had run away from his owner, and was arrested in Kentucky, and brought aboard of the defendant’s steamboat at Ed-dyville, by Scruggs, the owner, and the passage of both paid to Nashville. Scruggs had the slave securely tied, with his hands' behind him, and on the boat he was tied to a post. Sometime during the day, the engineer on the boat untied the slave, and put him to pumping water on the boat, between Eddyville and Clarksville, and the defendant was present when he untied him, and saw him; after the negro was done pumping, he tied his hands behind him again, as they were, but did not tie him to the post again.
On the next day, when they were about thirty miles below Nashville, he untied the negro again, and *466 put him to pumping water, but after he was clone pumping, he tied his arms as they were before, but did not tie him to the post; the negro walked about on the deck, and Scruggs, his owner, saw him, but it did not appear that he knew the slave had been pumping water. Upon arriving at Nashville, the slave was missing.
The Circuit Court held that the facts stated, amounted to a conversion, if done without the consent or approbation, either express or implied, of the owner; but further instructed the jury that, if the plaintiff was not present or did not know of the act done, at the time it was done, yet the jury might look to the character of the act done, the motive with which it was done, the circumstances under which it was done,' the manner of doing it, and the relation existing at the time between the plaintiff and defendant; and if, from the whole taken together, they believed he would have consented, had he known it at the time it was done, it would not be a conversion in law, and the slave having been subsequently lost, the owner could not elect to treat it as a conversion. The jury found for the defendant.
This Court approved that part of the charge in which the Court below held that the facts in proof would amount to a conversion, if done without the plaintiff’s knowledge or consent, but held that the remainder of the instruction, as above quoted, was errro-neous, and entirely too vague and uncertain; and it is there stated as a general rule, “that any unauthorized assumption of ownership or control over the property of another amounted to a conversion, and subjects the wrong-doer to an action for the value.”
*467 The Court also quote, with approbation, from an English case — Foulders v. Willoughby, 8 Meeson and Welsby, 540 — that any act done with the “intention of impugning for a moment, the plaintiff’s general right or dominion over the property, would amount to a conversion.”
Applying these principles to this case, it is clear that the facts stated amount to a conversion of the property. That Childress acted in good faith can not be doubted. He took and used the mare, however, in the manner stated, with full knowledge that she belonged to Ford; and he did so without any authority from Eord, either express or implied. He doubtless believed Cox’s assurance that Ford would not care. He chose to risk this, and from this act of his this loss of the property occurred. That Childress was induced to take this responsibility from the assurances of Cox, can make no difference. Cox’s part in the transaction could, at most, but make him guilty of the conversion. Childress would, however, be likewise guilty.
It is argued, for the plaintiff in error, that the Circuit Judge should have given more specific instructions to the jury, in regard to the implied authority of Cox to loan the mare.
This instruction was not asked for, and we can not say that the facts demanded it. Cox, in his testimony, says, expressly, he had no such authority, and there is no proof in conflict with this; and Childress, in his own testimony, does not say that Cox professed to have any such authority. There is nothing in the record to *468 raise the question whether Ford, after the accident, did anything to waive the conversion; and the question was not made. The verdict was for the plaintiff; the charge was substantially correct, and the judgment is affirmed.